IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver for the BANK OF ALAMO, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) ) | No. 04-1028-T/An |
| PEGGY S. HOOPER, | ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO STRIKE DEPOSITIONS

Plaintiff filed a motion to strike two depositions submitted by the defendant in support of her opposition to plaintiff's motion for summary judgment. The certificate of consultation accompanying the motion to strike stated that the defendant did not oppose the motion. Accordingly, the Court granted the motion to strike. The Court then granted an unopposed motion to set aside the order on the grounds that the certificate of consultation was erroneous, and allowed the defendant to respond to the motion to strike.

The depositions of William Saveh and Hoyt Hayes, Jr. were taken in a related case filed in the Chancery Court of Haywood County, Tennessee. As the plaintiff in this case was no longer a party in the Chancery Court action at the time the depositions were taken, plaintiff did not receive notice and was not represented at those depositions. Plaintiff

argues, therefore, that the depositions may not be used in this case, pursuant to Fed. R. Civ. P. 32(a).[1]

Under Rule 32(a), the actual depositions would not be admissible at trial, but the defendant states that she has no intention of offering them into evidence at trial. She will, instead, call Saveh and Hayes as live witnesses. The defendant contends that she is not attempting to use the depositions in question *as trial depositions* under Rule 32, but merely as the equivalent of affidavits or sworn declarations under Rule 56(e).[2] As such, she argues that the depositions need not be admissible at trial, only authenticated.

The Sixth Circuit has recognized that Rule 56 does not require evidence submitted in opposition to a motion for summary judgment to be in admissible form. The motion must be opposed by:

> evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); Winskunas v. Birnbaum, 23 F.3d 1264, 1267 (7th Cir.1994). Examples of such evidence include admissible documents or attested testimony, such as that found in affidavits or depositions. Winskunas, 23 F.3d at 1267 (citations omitted). The proffered evidence need not be in admissible *form*, but its *content* must be admissible. Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553; Winskunas, 23 F.3d at 1268.

Bailey v. Floyd County Bd. of Educ., 106 F.3d 135, 145 (6th Cir. 1997).

---

[1] Rule 32(a) provides:
**Use of Depositions.** At trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness was then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof . . . .

[2] Indeed, plaintiff states that the actual affidavits of Saveh and Hayes have now been submitted as well.

2

As the depositions in this case are being offered by the defendant only in support of her response to the plaintiff's motion for summary judgment, and are not being offered into evidence at trial, Rule 32(a) is simply inapplicable. Therefore, the plaintiff's motion to strike (dkt. #26) is DENIED.

IT IS SO ORDERED.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

12 September 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 52 in case 1:04-CV-01028 was distributed by fax, mail, or direct printing on September 14, 2005 to the parties listed.

---

J. Houston Gordon
LAW OFFICES OF J. HOUSTON GORDON
114 W. Liberty Ave.
Ste. 300
Covington, TN 38019--084

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Honorable James Todd
US DISTRICT COURT